# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

IN RE:
RANDY J. KRONGARD and
LAURA L. KRONGARD,

Debtors.

RANDY J. KRONGARD,

               Appellant,          **MEMORANDUM OPINION
                                                   AND ORDER**
v.                                                         Civ. No. 12-3129 (MJD)

LAURA L. (KRONGARD) LOBAN,
DUANE E. JOHNSON, and
RUTH E. JOHNSON,

               Appellees.

John Erik Kingstad, Kingstad Law Office, Counsel for Appellant.

Deborah C. Swenson and Bryan Feldhaus, Lommen, Abdo, Cole, King & Stageberg, PA, Counsel for Appellees.

## I.    INTRODUCTION

This matter is before the Court on Appellant Randy J. Krongard's Motion for Leave to Appeal. [Docket No. 3] The Court has carefully considered the entire record in this matter and concludes that oral argument is unnecessary. For

1

the reasons described below, the Court denies the Motion for Leave to Appeal.

## II. FACTUAL BACKGROUND

On September 15, 2004, Debtor/Plaintiff Randy J. Krongard and Debtor/Defendant Laura L. (Krongard) Loban filed a joint petition for bankruptcy under Chapter 7. [Docket No. 1-1] On September 16, 2004, John Stoebner was appointed Chapter 7 Trustee. [Docket No. 1-2] On December 20, 2004, the United States Bankruptcy Court for the District of Minnesota entered an Order of Discharge for Krongard and Loban. [Docket No. 1-3] The Bankruptcy Court closed the case on December 30, 2004. [Docket No. 1-24]

The Debtors' bankruptcy case was reopened several times after the Trustee learned that the Debtors had assets that were not previously disclosed to the Bankruptcy Court. [Docket Nos. 5, 8, 13] The Trustee sought to reopen the case in July 2008 after he learned that the Debtors failed to disclose their ownership interest in certain real property located at 712 Pine Street North, Hudson WI 54016 (the "Pine Street Property"). [Docket No. 1-12] The Trustee requested that the Bankruptcy Court re-open the case "for the purpose of stipulating to relief from the automatic stay so that the [Pine Tree Property] could be sold." Id. At some point in time before the Trustee sought to reopen the case, the New York

2

Community Bank, which held a mortgage on the Pine Tree Property, began foreclosure proceedings against the property. Id. The Bankruptcy Court closed the underlying bankruptcy case on February 2, 2010, "subject to reopening" to administer disposition of the Pine Tree Property by the Trustee. [Docket 1-11] On February 10, 2010, the Trustee filed a Report of No Distribution and the Bankruptcy Court closed the case on October 14, 2010. [Docket No. 1-24]

On December 22, 2011, the Trustee filed an Application to re-open the bankruptcy case, and subsequently filed a Motion for Relief from the automatic stay under 11 U.S.C. § 362(a) to be terminated nunc pro tunc on or after February 10, 2010 in order to allow the foreclosure sale of the Pine Tree Property to occur. [Docket Nos. 1-14, 1-24] On January 10, 2012, Plaintiff Krongard filed an Application to Administer Additional Assets of the Estate. [Docket No. 1-20] The assets identified in Plaintiff's Application included several causes of action against the Defendants in the present adversary action. Id. On April 5, 2012, the parties entered a stipulation resolving the Trustee's Motion for Relief and Plaintiff Krongard's Application to Administer Additional Assets. [Docket No. 1-21] The Stipulation permitted Plaintiff Krongard to pursue the claims identified in his Application to Administer Additional Assets, and required him

3

to commence any adversary proceeding within 90 days of the Bankruptcy Court entering an Order approving the stipulation.  Id.

The Bankruptcy Court entered an Order approving the Stipulation on April 5, 2012.  [Docket No. 1-22]  On April 10, 2012, the Trustee filed a Notice of Abandonment of the Pine Tree Property "because upon information and belief, and based on the current condition of the home and based on his prior experience in attempting to sell the Pine Street property, the Trustee does not believe there is any value in this property."  [Docket No. 1-23]

On September 18, 2012, Krongard filed an Adversary Complaint against Co-Debtor/Defendant Loban and her parents Duane E. and Ruth E. Johnson.  Krongard asserted the following claims against the Defendants: willful violation of the automatic stay in the underlying bankruptcy proceeding in violation of 11 U.S.C. § 362, tortious waste in violation of Wisconsin Statute §§ 844.06 and 844.19(2), and tortious interference with contractual rights in violation of Wisconsin common law.  [Docket No. 2-1]  The Defendants moved to dismiss the Adversary Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and in the alternative for summary judgment pursuant to Federal Rule of Civil Procedure 56.  [Docket No. 2-3]

On November 15, 2012, the Bankruptcy Court dismissed the Adversary Complaint for lack of subject matter jurisdiction and entered judgment. [Docket Nos. 2-6, 2-7] On November 19, 2012, Plaintiff Krongard filed a Notice of Appeal from the November 15, 2012 Order and a Statement of Election for the District Court to hear his appeal. [Docket Nos. 2-8 and 2-9] On November 27, 2012, Plaintiff filed an application to proceed in District Court without prepaying fees or costs. [Docket No. 2-20] The Bankruptcy Court denied Plaintiff's application on November 27, 2012. [Docket No. 2-15] The Bankruptcy Court concluded that Plaintiff could not satisfy the second prong of the in forma pauperis test and reasoned that "[r]egardless of the plaintiff's indigence, the plaintiff cannot demonstrate a good faith objective in his appeal. . . . [T]he plaintiff's appeal has no arguable basis in law because it is jurisdictionally deficient." Id. On November 28, 2012, Plaintiff Krongard filed the present Motion for Leave to Appeal the Bankruptcy Court's November 15, 2012 and November 27, 2012 Orders. [Docket No. 3]

## III. DISCUSSION

Currently before the Court is Plaintiff Krongard's Motion for Leave to Appeal pursuant to Bankruptcy Rule 8003 and Local Rule 8003-1. Before the

parties brief the merits of the appeal for this Court's consideration, the Court must decide whether to permit the appeal at all.

### A. Standard Regarding Consideration of Appeals from the Bankruptcy Court

Under 28 U.S.C. § 158(a), this Court has jurisdiction to hear appeals from "final judgments, orders, and decrees" entered by the Bankruptcy Court. An appeal must be made "in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules." Hamilton v. Lake Elmo Bank (In re: Delta Eng'g Int'l, Inc.), 270 F.3d 584, 586 (8th Cir. 2001). Rule 8002 requires that the notice of appeal be filed with the clerk "within 14 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bank. P. 8002(a). "Failure to file a timely notice of appeal from a bankruptcy court's order deprives the district court of jurisdiction to review that order." Paulson v. Cenbank (In re McDonnell), Civil No. 07-2414 (PAM), 2007 WL 2110323, at *1 (D. Minn. July 23, 2007) (citing Veltman v. Whetzal, 93 F.3d 517, 520-21 (8th Cir. 1996)).

### B. Motion for Leave to Appeal the November 27, 2012 Order Denying Application to Proceed Without Prepaying Fees Or Costs

The Bankruptcy Court's Order denying Krongard's application to proceed without prepaying fees or costs was entered on November 27, 2012. Thus, the time to appeal the order expired on December 11, 2012. In the record presently before the Court, there is no evidence that Krongard filed a Notice of Appeal of the November 27, 2012 Order. Even though Krongard did not file a Notice of Appeal, his Motion for Leave to Appeal seeks leave to appeal the November 27, 2012 Order. Krongard's Motion for Leave to Appeal was filed on November 28, 2012, which is before the December 11, 2012 deadline.

Because Krongard never filed a Notice of Appeal of the November 27, 2012 Order, the Court must dismiss the untimely appeal. Even if Krongard's Motion for Leave to Appeal was construed as his Notice of Appeal, the Court denies Krongard's Motion for Leave to Appeal. For the reasons identified in Judge Robert J. Kressel's November 27, 2012 Order, Krongard cannot satisfy the second prong of the in forma pauperis test because he cannot put forth an argument that demonstrates any likelihood of success on appeal. Adams v. Inman (In re Inman), 218 B.R. 458, 459 (B.A.P. 8th Cir. 1998) ("Analysis under section 1915 thus has two prongs: the applicant must demonstrate an inability to pay and objective good faith in the appeal.").

Therefore, the Court denies Krongard's Motion for Leave to appeal the Bankruptcy Court's November 27, 2012 Order denying Krongard's application to proceed without prepaying fees or costs. If Krongard intends to proceed with the appeal of the Bankruptcy Court's November 15, 2012 Order, then Krongard shall submit the appropriate fee to the Clerk of the United States Bankruptcy Court for the District of Minnesota within twenty (20) days of entry of this Order.

### C. Motion for Leave to Appeal the November 15, 2012 Order Dismissing the Complaint

The Court declines to address Krongard's Motion for Leave to Appeal the November 15, 2012 Order. At this time, Krongard does not have leave of Court to proceed in forma pauperis, nor has he paid the required filing fee. Until Krongard submits the required filing fee, the Court declines to exercise jurisdiction over the Motion for Leave to Appeal the November 15, 2012 Order. For the reasons identified in Judge Robert J. Kressel's November 27, 2012 Order, the Court cautions Krongard against pursuing this appeal as he is highly unlikely to succeed in reversing the Bankruptcy Court's decision dismissing his complaint for lack of subject matter jurisdiction.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. Appellant Randy J. Krongard's Motion for Leave to Appeal the November 27, 2012 Order denying application to proceed without prepaying fees or costs [Docket No. 3] is **DENIED**. Krongard is directed to submit the appropriate fee to the Clerk of the United States Bankruptcy Court for the District of Minnesota within twenty (20) days of entry of this Order.

2. Appellant Randy J. Krongard's Motion for Leave to Appeal the November 15, 2012 Order dismissing the complaint [Docket No. 3] is **DENIED** pending payment of the required filing fee.

Dated: March 18, 2013              s/Michael J. Davis
                                   Michael J. Davis
                                   Chief Judge
                                   United States District Court